**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN, J., and SENIOR JUDGE FULLER.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 28, 2024**

# In the Court of Appeals of Georgia

A24A0134. THE STATE v. CARLTON.

BROWN, Judge.

On January 26, 2021, the State indicted Rakeem Carlton for multiple counts of aggravated assault, possession of a firearm during commission of a felony, and violations of OCGA § 16-15-4, alleged to have occurred on April 26, 2016. Carlton filed a plea in bar and motion to dismiss on the basis that the State's prosecution was barred by the four-year felony statute of limitation, OCGA § 17-3-1 (c). On May 31, 2023, the trial court granted Carlton's motion and dismissed all of the charges against him based on the State's failure to allege in the indictment the tolling provisions of the Supreme Court of Georgia's COVID-19 emergency orders. The State appeals from the dismissal. We reverse.

This Court addressed the current issue in *Garrison v. State*, 368 Ga. App. 819 (890 SE2d 869) (2023), in which we held that the State was not required to allege the COVID-19 tolling provisions in each count of the accusation to show that the charged offenses were not barred by the statute of limitation. Id. at 822-824 (1) (b). As we explained, the State generally "must specifically allege in each count of the indictment the applicable tolling provision or exception to the statute of limitation in order to show that the charged offense is not time-barred." (Citation and punctuation omitted.) Id. at 822 (1) (b). "[T]he purpose of this rule is to notify the defendant, so that he may be prepared to meet all the allegations on the part of the State, at the trial." (Citation, punctuation, and emphasis omitted.) Id. at 822-823 (1) (b). Given the nature of the orders, we concluded that "[the defendant], her counsel, and the public were on notice of the . . . suspension of the statute of limitation when the amended accusation was filed, and [thus] the State was not required to further notify [the defendant] of the COVID-19 tolling provision in the amended accusation." Id. at 824 (1) (b).

In the instant case, the statute of limitation was set to expire on April 26, 2020, see OCGA § 17-3-1 (c), but the Supreme Court of Georgia issued its first order

declaring a statewide judicial emergency related to the COVID-19 pandemic on March 14, 2020, tolling all statutes of limitation. "Statutes of limitation in criminal cases . . . remain[ed] tolled" until the expiration of the Supreme Court's final emergency order on June 30, 2021.[1] Fifteenth Order Extending Declaration of Statewide Judicial Emergency (I) (D), (H). In its "Guidance on Tolling Statutes of Limitation Under the Chief Justice's Order Declaring Statewide Judicial Emergency," the Supreme Court explained that "whatever time remained in the period of limitation as of March 14[, 2020] will still remain when the tolling provision of the March 14 declaration has expired or is otherwise terminated." In this case, there were 43 days remaining in the period of limitation as of the March 14, 2020 tolling. Accordingly, the statute of limitation in this case expired on August 12, 2021, after the State filed the indictment charging Carlton. Because the State was not required to allege the COVID-19 tolling provisions in each count of the indictment, the trial court erred in granting Carlton's motion and dismissing the charges against him.

*Judgment reversed. Dillard, P. J., and Senior Judge C. Andrew Fuller concur.*

---

[1] We note that the Fourth Order Extending Declaration of Statewide Judicial Emergency reimposed most deadlines on "litigants," including the running of statutes of limitation in *civil cases*, on July 14, 2020.